

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re ADAM LEE,<br><br>Debtor. | Case No. 13-01356<br>Chapter 7 |
| BOON HAN SIA,<br><br>Plaintiff,<br><br>vs.<br><br>ADAM LEE,<br><br>Defendant. | Adv. Pro. No. 13-90080<br><br><br><br>Re: Dkt. 64. |

## MEMORANDUM OF DECISION ON
## MOTION FOR SANCTIONS

### I.      Background

This motion arises out of litigation concerning the purchase of two

condominium units by the plaintiff, Boon Han Sia, from the defendant and debtor,

Adam Lee.

13-90080 LEE Sia motion for sanctions v2 (amended).wpd

The plaintiff filed this case in November 2013, and the trial date was originally set for January 26, 2015.[1] Then in November 2014, the parties stipulated to moving the trial date to June 29, 2015.[2] Due to the court's schedule, the trial date was moved again to August 10, 2015.[3]

On April 2, 2015, Mr. Sia's counsel sent Mr. Lee a notice of deposition for April 20, 2015. Mr. Sia's counsel mailed the notice by first class mail to Mr. Lee's residence. This notice has not been returned to Mr. Sia's counsel. Mr. Lee did not appear at the deposition. While he was waiting, Mr. Sia's counsel called Mr. Lee. Mr. Lee responded that he did not get notice of the deposition. Mr. Sia's counsel stated that he would call Mr. Lee back shortly to reschedule the deposition. Fifteen minutes later, he called Mr. Lee back, but Mr. Lee did not respond.

Late that day, Mr. Sia's counsel contacted Mr. Lee by email. He informed him that the new date for the deposition would be April 24, 2015. He sent Mr. Lee notice by email and by regular mail to both Mr. Lee's home and his post office box. Mr. Lee did not respond to calls and emails from Mr. Sia's counsel the day before the new deposition.

Mr. Lee did not appear at the April 24 deposition. Nor did he answer his

---

[1] Dkt. 12.

[2] Dkt. 32 at 2.

[3] Dkt. 86.

13-90080 LEE Sia motion for sanctions v2 (amended).wpd

phone. On April 26, Mr. Lee replied by email, stating that he just then saw Mr. Sia's counsel's email.

Mr. Sia now moves for an order sanctioning Mr. Lee under Federal Rule of Bankruptcy Procedure 7037. Mr. Sia requests an award of attorney's fees and costs he incurred in connection with the two depositions and an order precluding the plaintiff from "opposing Plaintiff's claims or introducing evidence in opposition" to the claims. In essence, he wants compensation for his costs and a default judgment.

Mr. Lee opposes the motion. First, he says he did not have notice of the April 20 deposition until that morning when Mr. Sia's attorney called him.[4] He also told Mr. Sia's counsel that he was still searching for an attorney,[5] since his prior attorney withdrew.[6] As for the second deposition, he claims that he did not have sufficient notice. In addition, Mr. Lee puts forth some tangentially relevant arguments. For instance, he claims the parties had a settlement agreement and that they agreed to continue the trial.

## II.    Standard

Rule 7037(d)(1)(A) allows a party to move for sanctions if the opponent was served with notice to appear at a deposition and did not attend. At a minimum, the

---

[4] Dkt. 83-1.

[5] Dkt. 83-1 at 1.

[6] I can take judicial notice of this fact.

13-90080 LEE Sia motion for sanctions v2 (amended).wpd

court must order the party failing to attend the deposition the "reasonable expenses, including attorney's fees" the failure to attend caused. The only exception is if failure to attend was "substantially justified" or if there were other circumstances that would make an award unjust.[7] On top of attorney's fees and expenses, the court has the power to prohibit "the disobedient party from supporting or opposing" claims or defenses or "from introducing designated matters in evidence . . . ."[8]

In the Ninth Circuit, terminating sanctions, such as a default judgment, are "very serious."[9] They are only justified if there is "'willfulness, bad faith, and fault.'"[10] Before granting a motion for terminating sanctions, the court must consider several factors.

> We have constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. This "test" is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a

---

[7] Fed. R. Bankr. P. 7037(d)(3).

[8] *Id.*; Fed. R. Bankr. P. 7037(b)(2)(A)(ii).

[9] *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

[10] *Id.* (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir.2003)).

13-90080 LEE Sia motion for sanctions v2 (amended).wpd

U.S. Bankruptcy Court - Hawaii   #13-90080   Dkt # 94   Filed  06/12/15   Page 4 of 7

script that the district court must follow.[11]

The most relevant factor for this motion is the fifth factor.[12]

## III.   Discussion

### A.   Attorney's fees and costs are justified.

Mr. Lee's claim that he did not receive notice of the April 20 deposition is not credible. It was mailed to his residential address, which he provided to the bankruptcy court. This residence is also the subject of two adversary proceedings and a motion to compel turnover. In a recent filing regarding the turnover motion, he stated that he resides at the address.[13] He did not give any reason why he did not receive notice of the April 20 deposition. The fact that the notice was not returned to Mr. Sia's counsel suggests that it was, in fact, delivered to Mr. Lee.

Equally incredible is Mr. Lee's assertion that he did not have adequate notice of the April 24 deposition. After speaking with Mr. Sia's counsel, he did not answer his phone or respond to emails until six days later, even though he knew that Mr. Sia's counsel intended to schedule a follow-up deposition. Mr. Lee has not explained this failure convincingly. During that time, he could have asked Mr. Sia's counsel to move

---

[11] *Id.*

[12] *Id.*

[13] Case no. 13-01356, dkt. 214 at 4 ("The Palua 1 property should not be turned over or sold. It is coowned by the Debtor and his wife, who hold a 10% tenancy by entirety interest and there should not be a sale of the entire property or a partition, given the co-ownership and the Debtor's hope to continue to reside in his residence.").

U.S. Bankruptcy Court - Hawaii   #13-90080   Dkt # 94   Filed  06/12/15   Page 5 of 7

the deposition to a mutually agreeable date. The proper response to short notice is not sticking one's head into the sand and refusing to return phone calls and emails. Rather, it is to move for a protective order or to work out a different time in good faith.

It is understandable that Mr. Lee wishes to be represented at his deposition, but this adversary has been pending for over a year. He may not use his lack of counsel to delay discovery, especially since the parties were so close to the discovery cut off. Notably, Mr. Lee has been without counsel in this adversary since May 2014 and he still has not obtained an attorney almost two months after the original deposition date.

I conclude that Mr. Lee's failure to attend the April 20 and April 24 depositions was not substantially justified, and an award of attorney's fees and expenses is not unjust. Mr. Lee willfully evaded attending the second deposition, and it is likely that Mr. Lee also willfully failed to appear at the first one. Such a failure to appear at two depositions is an appropriate basis to award sanctions.

Mr. Sia's counsel claims $166.76 in costs and $1,589.00 for fees, for a total of $1,755.76. I find that these amounts are reasonable.

**B.      Terminating sanctions are not justified yet.**

Unlike the monetary sanctions, I will not grant Mr. Sia's request for an order that would amount to a default judgment.

The first and second factors identified by the Ninth Circuit support Mr. Sia's

13-90080 LEE Sia motion for sanctions v2 (amended).wpd

U.S. Bankruptcy Court - Hawaii   #13-90080   Dkt # 94   Filed  06/12/15   Page 6 of 7

position. Mr. Lee is simply attempting to stall his deposition and the resolution of this case.

But the last three factors weigh against terminating sanctions. Such sanctions would obviously undercut the public policy in favor of deciding cases on the merits. The delay in Mr. Lee's deposition will not impose irreparable prejudice on Mr. Sia. I will order Mr. Lee to pay the costs which his misconduct caused, and since the court moved the trial date to August, Mr. Sia has adequate time to depose Mr. Lee. The monetary sanctions are an adequate lesser sanction that should be attempted before imposing case-dispositive sanctions.

I specifically warn Mr. Lee, however, that if he does not pay the monetary sanctions promptly, cooperate in scheduling a prompt deposition, and appear and testify at that deposition, I may impose case-dispositive sanctions.

## IV.    Conclusion

Mr. Sia's motion is granted in part. Mr. Lee shall promptly pay Mr. Sia $1,755.76 . Mr. Lee shall also shall cooperate in scheduling his deposition at the earliest mutually convenient date a prompt deposition and appear and testify at that deposition.

## END OF MEMORANDUM

13-90080 LEE Sia motion for sanctions v2 (amended).wpd